O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITLEY INTERNATIONAL CO. LTD, a Virgin Islands Corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>LESLIE ROSSI, an individual; CAR APPROVAL CORP., a New York corporation;,<br><br>            Defendants. | Case No. CV 15-02855 DDP (JCx)<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Plaintiff's Complaint asserts causes of action fraud and breach of contract. Plaintiff asserted that there is federal jurisdiction over this case based on diversity.

    Federal courts are courts of limited jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). A federal court "is

presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff here, as the party asserting federal jurisdiction, bears the burden of proving that the amount in controversy exceeds $75,000. <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001).

It does not appear that the jurisdictional amount is satisfied. Although the Complaint makes reference to damages "believed to exceed $75,000," the nature of any such damages is unclear. Indeed, the Complaint alleges that only $64,634.27 is owed under the contract. To the extent that Plaintiff intends punitive damages to make up the balance of the minimum amount in controversy, Plaintiff's bare claim to punitive damages in what appears to be, in essence, a breach of contract case does not suffice. <u>See</u> <u>Brown v. Bury</u>, No. 11-cv-01520-LJO-MJS, 2012 WL 112645 at *5 (E.D. Cal. Jan. 12, 2012)

Accordingly, the court dismisses the case for lack of jurisdiction. <u>See</u> <u>Fiedler v. Clark</u>, 714 F.2d 77, 78-79 (9th Cir. 1983) (per curiam) ("[A] federal court may dismiss <u>sua</u> <u>sponte</u> if jurisdiction is lacking.").

IT IS SO ORDERED.

Dated: June 15, 2015

DEAN D. PREGERSON
United States District Judge